Mr. Chief Justice Bingham
delivered the opinion of the Court:
In the case of the United States against Millard H. Crawford, certified from the Criminal Court to be heard here in the first instance, it appears that two prosecutions were commenced against the defendant in the Police Court, informations having been filed charging the defendant with fornication. A conviction ensued in the Police Court and an appeal was taken to the Criminal Court. In the Criminal Court the defendant’s counsel moved to dismiss the prosecution, upon the ground that the information charged the defendant with a violation of no law, ordinance or act of Congress enforceable in the District of Columbia; also that the informations were insufficient, imperfect and uncertain, and do not charge the commission of any offense in this District.
This motion, it appears, was understood to be applicable to two cases against the defendant, but was only filed in one. In the other case a motion was made to quash the information upon substantially the same ground as the motion to dismiss before mentioned. It seems to have been agreed that this motion should apply to both cases.
The position of the defendant filing these motions is, substantially, that the act of 1862 (chap. 126, sec. 1, 12 Stat. at L., 501, U. S. It. S., sec. 5352), by Congress, relates to the Territories of the United States and especially to the Territory of Utah; and that the provisions of the act of 1882 (22 Stats, at L., 30), amendatory of the act of 1862, and the act of 1887 (24 Stats, at L., 635), amendatory of the act of 1882, as well as of the act of 1862, have no application whatever to the District of Columbia, and were not so intended by Congress.
*325 The act of 1862, by its first section, provides as follows: .
“That every person having a husband or wife living, who shall marry any other person, whether married or single, in a Territory of the United States, or other place over which the United States have exclusive jurisdiction, shall, except in the cases specified in the proviso to this section, be adjudged guilty of bigamy, and, upon conviction thereof, shall be punished by a fine not exceeding $500, and by imprisonment for a term not exceeding five years; Provided, nevertheless, That this section shall not extend to any person by reason of any former marriage whose husband or wife by such marriage shall have been absent for five successive years without being known to such person within that time to be living; nor to any person by reason of any former marriage which shall have been dissolved by the decree of a competent court; nor to any person by reason of any former marriage which shall have been annulled or pronounced void by the sentence or decree of a competent court on the ground of the nullity of the marriage contract.”
Section 2 relates by express terms to the Government of the State of Deseret, so called, and an ordinance incorporating the Church of Jesus Christ of Latter Day Saints, and an act in relation to the compilation and revision of the laws and resolutions in force in Utah Territory.
The third section relates to the Mormon Church, without naming it.
The act of 1882 re-enacts the first section of the act of 1862, with an amendment to punish and prevent polygamy as well as bigamy. ■
The third section of the act of 1882 provides that if any male person in a Territory or other place over which the United States have exclusive jurisdiction, hereafter cohabits with more than one woman, he shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than $300, or by imprisonment for not *326 more than six months, or by both such punishments, in the discretion of the court.
The remainder of this act relates almost entirely — there are nine sections in it — to matters which by express terms are confined to the Territories of the United States, except section 6, which we think by fair intendment applies only to polygamous offenses.
The Act of March 3, 1887, which is entitled “An Act to Amend an Act entitled An ‘Act to Amend Section 5352 of the Revised Statutes of the United States in Reference to Bigamy and for Other Purposes,’ approved March 22,1882,” provides by its first section for the proceedings and the conduct of proceedings in any prosecution for polygamy or bigamy or unlawful cohabitation under the act of 1882, and that the husband or wife may testify in prosecutions under that act.
The second section provides for the attachment of witnesses in such prosecution. The third section is simply a general provision for the punishment of the crime of adultery, and provides that if any act of adultery be committed between a married woman and a man who is unmarried, both parties to such act shall be guilty of adultery; and when such act is committed between a married man and a woman who is unmarried, the man shall be deemed guilty of adultery.
The fourth section is a provision for. the punishment of the crime of incest, and enacts that all persons cohabiting wrho are within the fourth degree of consanguinity according to the rules of the civil law, shall be within the statute.
There are twenty-nine sections, in this act of 1887, and, excepting the sections to which allusion has been made, all clearly relate to the Territory of Utah, or the Territories of the United States.
It is claimed by the counsel for the United States that the parts of the several acts before recited relate to the District of Columbia and apply here because the language is; “In *327 a Territory of the United States, or other place over which the United States have exclusive jurisdiction.” And that, inasmuch as the United States have exclusive jurisdiction over the District of Columbia, necessarily this act applies; that by virtue of the provisions of the declaratory section in the act providing for a territorial government in the District of Columbia in 1871, to the effect that all laws of the United States not locally inapplicable shall have force and effect in the District of Columbia, that the several sections in the original and amendatory acts not in terms' limited to the territories are applicable to and have force and effect in this District.
It is claimed that there is no reason why these sections of the law defining bigamy, adultery and fornication, should not have application in the District of Columbia, not being locally inapplicable.
On the other hand, it is claimed by the defendants that the language used in this statute is entirely different from that used by Congress in any instance where it is intended the act shall have force and effect-in this District; that the language used here is such as is ordinarily used by Congress when the intention is that the act shall apply to places over which the United States have exclusive jurisdiction other than the District of Columbia or the Territories of the United States, to wit:- to the places held by the United States for forts, docks and arsenals. It is said, too, that such a construction accords well with the language used in the Constitution of the United States which gives to Congress exclusive jurisdiction over a territory not exceeding ten miles square granted to the United States by any State for the purposes of the seat of government, and all other places acquired by the United States for the purposes of forts, arsenals, docks, etc.; the term “ other places” in this statute and other statutes being restricted in application as in the Constitution and that this language is properly to be con *328 strued in these statutes as meaning nothing more nor less than the '■ other places” specified in the Constitution.
It is claimed, and from our examination we think it is true, that the history of legislation by Congress in reference to this District shows that where Congress intended to legislate for the District of Columbia, the habit has been to do so in express terms.
But we are met here with another rule of construction, and that is that the statute is to be construed with reference to the intent of the legislative power, and to arrive at that we first undertake to ascertain the mischief which the legislature had in view and which they desired to correct.
It is clear, we think, from an examination of these statutes that the purpose of Congress in the enactment of the original statute and of the acts amendatory thereof was to destroy the practice of polygamy in the Territory of Utah, chiefly intrenched there, but, perhaps, to some extent existing in the adjoining Territories.
It is another rule of construction that where there are particular provisions of a statute indicative of the object and purpose which the legislature has in enacting it, the use of general language in some of the sections which, if that language stood alone, might refer to other objects or have a wider scope than such particular provisions will admit of, will not have that effect if the general language is consistent with and supports the evident purpose of the legislative power in providing against the particular evil, but will be held to* apply to that alone and not to have a more general application.
We are ®f the opinion that the purpose of Congress in passing these laws was to abolish polygamy in the territories, and was not to provide for punishing the crime of bigamy and cognate misdemeanors in the District of Columbia. The crime of bigamy was already provided for in the District of Columbia at that time. There is no reference to the *329 fact of the existence of a statute or a law in the District of Columbia punishitíg bigamy in the act of 1862.
We may look to the history of legislation and the history of the execution of a law which has been enacted and remained upon the statute books for a considerable time, for the purpose of gathering light as to the proper construction of the same. This law was passed originally in 1862; and if we are correctly informed, it has never been supposed until very recently that it had any application to the District of Columbia. For a period of twenty-six years it has stood without any prosecutions having been attempted until these were commenced.
Again, if the original act in the first section providing for bigamy did not apply to the District of Columbia, then it follows, by a well known rule of construction, that the acts amendatory of the same can have no wider scope than the original act, unless expressly so provided in the amendment. The amendatory acts relate to the same evil, and are part and parcel of the same plan to reach this social vice which existed in a particular portion of the country, and do not, either by the subject matter embraced therein or by the language employed in their enactment, justify the legal presumption that Congress had any intention to extend the enforcement of the same to places and jurisdictions not embraced in the statute of 1862.

We are, therefore, of the opinion that the statute of 1862, with its amendments, is not in force in the District of Columbia ; and that the motion to quash the informations must be sustained.